**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JANET L. LANDON AND JOHN A. LATSCHAR, INDIVIDUALLY, AND AS ADMINISTRATORS OF THE ESTATE OF AARON LANDON LATSCHAR, DECEASED | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : | |
| v. | : : : | No. 1545 MDA 2023 |
| SOLUCIONES COSMETICAS, SA DE CV; NEW YORK PACKAGING II, LLC D/B/A REDIBAG USA, LLC; KENNIE'S MARKETS, INC.; PRIVATE D CAPITAL GROUP CORPORATION; BUNZL DISTRIBUTION MIDATLNTIC, LLC D/B/A BUNZL YORK; AND ABC CORPORATIONS 1-20 | : : : : : : : : : | |

Appeal from the Order Entered October 16, 2023
In the Court of Common Pleas of Adams County
Civil Division at No:  2023-SU-0360

BEFORE:  BOWES, J., STABILE, J., and MURRAY, J.

CONCURRING/DISSENTING MEMORANDUM BY STABILE, J.:  **FILED: MARCH 28, 2025**

I fully agree with the learned Majority that the trial court misapplied the law when determining that Appellants failed to "promptly" transfer their action from federal court.  For that reason, the order dismissing Appellants' complaint must be vacated.

However, respectfully, I believe the Majority goes too far in its disposition by fully resolving the question of promptness, without remanding

for further proceedings. Since the trial court did not hold an evidentiary hearing or consider additional evidence to address disputed issues of fact as our procedural rules require, I would allow the trial court on remand to make the necessary findings on the issue of promptness in the first instance.

Appellants transferred their action to the trial court following the dismissal of the case in federal court. After the case was transferred, Appellees filed preliminary objections, asserting that Appellants failed to transfer the case within the timeframe afforded by 42 Pa.C.S.A. § 5103(b). These preliminary objections were filed pursuant to Pa.R.Civ.P. 1028(a)(2), which permits a defendant to move to strike the pleadings on the basis of a "failure of a pleading to conform to law or rule of court[.]" Subsection (c)(2) provides further that "**[i]f an issue of fact is raised, the court shall consider evidence by deposition or otherwise**." Pa.R.Civ.P. 1028(c)(2) (emphasis added).

If an issue of fact is raised by preliminary objections, then a trial court "may not reach a determination based on the controverted facts, but must resolve the dispute by receiving evidence therefore through interrogatories, depositions, or an evidentiary hearing." *Schmitt v. Seaspray–Sharkline, Inc.*, 531 A.2d 801, 803 (Pa. 1987); *American Housing Trust, III v. Jones*, 696 A.2d 1181, 1185 (Pa. 1997) (same). "[W]hen the evidence in the record does not adequately support the lower court's disposition of the preliminary objections, we will remand for further proceedings." *Lox, Stock and Bagels,*

***Inc. v. Kotten Mach. Co. of California, Inc.***, 395 A.2d 954, 956 (Pa. Super. 1978).

Here, several issues of fact arose as to how Appellants transferred their action and whether they did so promptly. For example, Appellees disputed Appellants' assertion that the parties had made a formal agreement that the case could be transferred. Appellees also pointed out inconsistencies between the record facts and what Appellants alleged:

> Notably, Appellants' communications and efforts to address the administrative delays that allegedly prevented them from promptly transferring their case to state court are not reflected in documents, affidavits, or other evidence of record. Appellants never sought relief from either the Federal Court or state court to address the administrative delays. Appellants' explanations provided to this Court, also contain inconsistencies:
>
> - Appellants claim repeatedly that they submitted their initial filings to Adams County (e.g., the Praecipe to Transfer) by March 15, 2023, and that the Adams County Prothonotary 'confirmed receipt via email." Yet, no March 15 email has been cited or provided.
>
> - Appellants claim that the Adams County Prothonotary "said it would preserve March 15, 2023 as the filing date." Yet, both the Adams County docket sheet and the time-stamped Praecipe to Transfer show a filing date of March 23, 2023, not March 15, 2023.
>
> - Appellants claim that no docket number or case existed in Adams County until sometime after "perfection of the transfer of the case" with the filing of the Exemplification Certificate containing all of the Federal Court pleadings in April 2023. They claim that the absence of a docket number or existing case excused their failure to serve on Appellee the documents that they filed in Adams County in March 2023. However, again, the Adams County docket sheet and time stamp on the Praecipe to Transfer show a docket

number existed at least by March 23, 2023. The Rules of Civil Procedure impose a duty on a party to serve copies of all papers that the party sends to the Court. Service does not hinge on the clerical assignment of a docket number. Even if it did, Appellants still did not serve Appellee with any state court filings when, as they claim, the transfer was "perfected" on April 11, 2023. It was almost a month later, on May 5, 2023 (the day after Appellee served its Preliminary Objections) that the Appellants served any transfer papers on Appellee.

Brief of Appellee, Kennie's Market, Inc., at 23-26 (internal citations omitted).

Further compounding the lack of any fact finding regarding these points, the trial court seemed to hold Appellants to a strict 30-day deadline to transfer their action from federal court. The trial court also ignored relevant factors that should have been considered in its assessment of Appellants' promptness, such as any prejudice suffered by Appellees due to the timing of the transfer. The remedy for these deficiencies is for this Court to vacate the order of dismissal so that the trial court may make the required factual findings and correctly apply the law when deciding the merit of Appellees' preliminary objections. *See Seaspray–Sharkline, Inc.*, 531 A.2d at 803.

Nevertheless, in a footnote, the Majority reasons that no additional fact-finding by the trial court is necessary, allowing this Court to resolve the parties' factual dispute from the record, and in the first instance. The Majority's only authority for that position is the Note to Rule 1028, which provides that a preliminary objection filed pursuant to subsection (a)(2) "may be determined from the facts of record so that further evidence is not required." Majority Opinion, at 3 n.1 (quoting Pa.R.Civ.P. 1028, Note).

The notes and comments to our procedural rules are not controlling, and as applied here, the Note to Rule 1028 is not applicable, much less persuasive. Again, the rule itself mandates that the trial court "shall" hear further evidence "[i]f an issue of fact is raised[.]" Pa.R.Civ.P. 1928(c)(2). The Note does not contradict that mandate, as it merely states that some types of preliminary objections, such as those raised under subsection (a)(2), "may" be determined from facts of record without consideration of further evidence – *i.e.*, when the lack of disputed facts would make further consideration unnecessary.

The Note does *not* suggest (as the Majority supposes) that the rule's express requirement in subsection (c)(2) is excused with respect to preliminary objections raising an issue under subsection (a)(2). Nor could it, since the rule requires additional findings to resolve disputed issues of fact regardless of what type of preliminary objection has been raised. ***See id***.

The lack of a developed record, and the absence of factual findings regarding Appellants' transfer, prevent this Court from reviewing the legal and factual issues now before us. Therefore, while I agree the trial court committed error, I find I must dissent from the Majority's disposition, which in my view, misconstrues Rule 1028, usurps the role of the trial court, and disposes of the appeal without a perfected record.